# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**HAAS OUTDOORS, INC.**                                                       **PLAINTIFF**

**V.**                                                      **CASE NO. 1:05CV288-M**

**NOVELTY, INC.**                                                         **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court on the defendant's motion to dismiss for lack of personal jurisdiction and improper venue, and in the alternative, transfer of venue [7-1]. The Court has reviewed the briefs, pleadings, affidavits, and exhibits and is prepared to rule.

The plaintiff is Haas Outdoors, Inc. ("Haas"), a Mississippi corporation with its principal place of business in West Point, Mississippi. The Defendant is Novelty, Inc. ("Novelty"), an Indiana corporation with its principal place of business in Greenfield, Indiana.

Haas manufacturers and sells camouflage patterns, camouflage clothing and accessories. Haas also licences camouflage patterns to licensees for a fee. Novelty manufactures and sells headgear, including camouflage hats.

Haas is suing Novelty for copyright infringement under Title 17 of the United States Code. Specifically at issue in this litigation is whether Novelty manufactured and sold hats in Mississippi that employed a camouflage pattern known as BREAK-UP®. Haas alleges that the BREAK-UP® camouflage pattern rests under its copyright and that the pattern was appropriated by Novelty for pecuniary gain without Haas's permission. As is set forth more fully below, Novelty's motion to dismiss for lack of personal jurisdiction, improper venue, and in the alternative, transfer of venue is DENIED.

## ANALYSIS

### I. PERSONAL JURISDICTION

This Court may exercise jurisdiction over a nonresident corporate defendant if the following two conditions are met: (1) Mississippi's long-arm statute confers personal jurisdiction over the defendant, and (2) the "exercise of such jurisdiction . . . is consistent with due process under the United States Constitution." Stripling v. Jordan Production Co., LLC, 234 F.3d 863, 869 (5th Cir. 2000)(citations omitted).

To be within reach the long-arm statute, a nonresident defendant must be amenable to service of process under the forum state's long-arm statute, an issue which is governed by the law of the forum state. See D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 545 (5th Cir. 1985). Mississippi's long-arm statute states in relevant part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of the state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, . . . or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57 (2005).

The due process inquiry requires that jurisdiction not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); accord Wells v. Taylor, 1999 WL 33537120 (N. D. Miss. 10/26/99). Due Process further requires: (a) nonresidents must have some minimum contacts with the forum resulting from an affirmative act or acts on their part; and (b) it must not be unfair or unreasonable to require the nonresidents to defend the suit in the forum state. D.J. Investments, Inc., 754 F.2d at 545.

When considering whether the affirmative act prong of the Due Process inquiry has been satisfied, the number of contacts with the forum state is not, by itself, determinative. D.J. Investments, Inc., 754 F.2d at 545, n.1 (quotations omitted). Rather, the primary question is whether the defendant has purposefully availed itself of the privilege of conducting activities within the forum state, invoking the benefits and protections of its laws. Id; see also Zippo Manuf. Co. v. Zippo Dot Com, Inc., F. Supp. 1119 (W.D. Penn. 1997) (equating affirmative act to "conscious choice to conduct business" within the forum state); and Mink v. AAAA Dev., LLC, 190 F.3d 333 (5th Cir. 1999) (adopting reasoning of Zippo court). The defendant's conduct and connection with the forum state must be such that the defendant should "reasonably anticipate being haled into court in the forum state." Hanson v. Denckla, 357 U.S. 235, 253, (1958). A nonresident purposefully avails itself of the benefits and protection of the forum's laws both by engaging in activity in the state and by engaging in activity outside the state that has "reasonably foreseeable consequences in the state." Prejean v. Sonatrach, Inc., 652 F.2d 1260, 1268 (5th Cir. 1981). A "forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." World Wide Volkswagon v. Woodson, 444 U.S. 286, 298 (1980).

When considering whether the fairness prong of the Due Process inquiry has been satisfied, the Court is required to consider the interest of the state in providing a forum for the suit, the relative conveniences and inconveniences to the parties, and the basic equities." D.J. Investments, Inc., 754 F.2d at 545, n.2. "[T]he fairness prong cannot compensate for or overcome the requirement of some minimum contacts with the forum state." Growden v. Ed

Bowlin and Assoc., Inc., 733 F.2d 1149, 1150-51 (5th Cir. 1984) (footnote omitted).

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the party who seeks to invoke the jurisdiction of the federal court bears the burden of establishing the district court's jurisdiction over the nonresident. Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982). If the question of whether jurisdiction lies in federal court is to be decided on the basis of facts contained in the parties' affidavits, the party who bears the burden need only present a prima facie case for personal jurisdiction; proof by a preponderance of the evidence is not required. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985); Wyatt, 686 F.2d at 280. Moreover, in considering a motion to dismiss for lack of personal jurisdiction, the court must accept as true the uncontroverted allegations in the complaint and resolve any factual conflicts in favor of the plaintiff. Stripling, 234 F.3d at 869. District courts are "not restricted to plaintiff's pleadings and may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Colwell Realty Investments v. Triple T Inns, 785 F.2d 1330, 1332-33 (5th Cir. 1986).

In the instant matter, Novelty is subject to Mississippi's long-arm statute because Novelty does business within Mississippi both via its internet site and, at least in this instance, by selling its camouflage hats through a convenience store located within Mississippi. Additionally, Novelty is amenable to service of process within Mississippi because it has registered and re-registered an agent for the express purpose of having an agent available to receive process in the case of any litigation which might take place within the State of Mississippi.

In personam personal jurisdiction over Novelty does not offend Due Process requirements

because sufficient minimum contacts exist between Novelty and the State of Mississippi.  Novelty argues that it does not conduct any meaningful amount of business in Mississippi as a percentage of its total revenue.  However, personal jurisdiction is not tied to the revenue of corporations.  So long as there are adequate minimum contacts, jurisdiction is proper.  Here, Novelty routinely sells its products over the internet and through convenience stores to Mississippi customers.  Even though Haas has not proffered a receipt of the purchase of the particular camouflage hat(s) in issue, the affidavit of Mary Jane Carpenter provides that she has personal knowledge of its purchase from a convenience store located within the state of Mississippi.  See Cowell Realty Investments, 785 F.2d at 1332-33.

Novelty has received the benefits of doing business within Mississippi and has received the protections of the State's laws.  Through its sales of camouflage hats within Mississippi, Novelty has made affirmative acts by placing its products into the stream of commerce.  World Wide Volkswagen, 444 U.S. at 298.  There is also no doubt that Novelty has demonstrated an expectation that it might be haled into Court.  Hanson, 357 U.S. at 253.  In weighing the relative conveniences and inconveniences of the parties, and the basic equities, the Court concludes that it is not unfair or unreasonable for Novelty to defend this suit within Mississippi.  D.J. Investments, Inc., 754 F.2d at 545.

II.  VENUE

In copyright infringement cases, venue is governed under 28 U.S.C. § 1440(a) (2005), which states:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

Novelty resides in Mississippi for venue purposes because it is subject to personal jurisdiction in Mississippi. 28 U.S.C. § 1391(c) (2005) provides:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Additionally, Novelty may be found in Mississippi. It is well established in the Fifth Circuit that a corporation doing business in a state may be found there for purposes of the federal venue statute. See Time, Inc. v. Manning, 366 F.2d 690 (5th Cir. 1966) (ruling that if a corporation is doing business within a district, it may be "found" in that district for purpose of authorizing a suit under copyright laws in any judicial district in which the defendant may be found). Therefore, venue is proper in United States Federal Court for the Northern District of Mississippi.

III. TRANSFER OF VENUE

28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth Circuit has stated that "the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004). This suit could have been brought in Indiana because Novelty resides

in Indiana.  See, supra, 28 U.S.C. 1440(a).

Next, Fifth Circuit precedent requires the Court to determine whether a transfer is truly for the convenience of the parties and witnesses and in the interest of justice by considering a number of private and public factors:

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.  Id.

In re Volkswagen AG, 371 F.3d 201, 203.

"The party seeking transfer pursuant to § 1404(a) has the burden of establishing, by reference to particular circumstances and by a preponderance of the evidence, that the transferee forum is clearly more convenient and that transfer is proper."  Mizell v. Prism Computer Corp., 27 F. Supp.2d 708, 712 (S.D. Miss. 1998).

Novelty's motion to transfer rests on the common law doctrine of inconvenience, forum non conveniens.  In support of its argument, Novelty makes three points.  First, Novelty's accountant, Mr. Greg Haney, would be a material witness in any suit where damages where in controversy and that Mr. Haney would not travel to Mississippi to testify on behalf of Novelty.  Second, Novelty argues that its employees would be material witnesses and would be highly inconvenienced by traveling to Mississippi to testify.  Finally, Novelty argues that it would be unduly burdensome to transport its documents from Indiana to Mississippi during litigation.

The Court can quickly dispense with each argument.  In contemporary litigation virtually

all records are within easy reach due to modern technology.  If plaintiffs were held hostage by the location of corporate records, the pursuit of justice would be a matter of geography.  Similarly, corporations are routinely involved in litigation as the result of placing their products into the marketplace.  With the benefit of conducting nationwide business, so to comes the burden of providing witnesses in defense of their products.  Balancing all the public and private factors collectively, the Court concludes that Novelty's <u>forum</u> <u>non</u> <u>conveniens</u> argument is without merit.  Transfer is denied.

## CONCLUSION

Based on the foregoing analysis, it is hereby ORDERED that Novelty's motion to dismiss for lack of personal jurisdiction, improper venue, and in the alternative, transfer of venue is **DENIED**.  A separate order to that effect shall issue this day.

This is the 24th day of April, 2006.

        **/s/ Michael P. Mills**
        **UNITED STATES DISTRICT JUDGE**